IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Latroy Brown, | ) | Case No. 9:25-cv-02687-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Deloris King, *SCDC*; Director Bryan Stirling, *SCDC*; Warden Kenneth Sharp, *SCDC*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Complaint and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 1; 8.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings.

The Clerk docketed Plaintiff's Complaint on March 31, 2025. [Doc. 1.] On June 13, 2025, the Magistrate Judge issued a Proper Form Order instructing Plaintiff to provide proposed service documents for any Defendants named in the Complaint. [Doc. 4 at 5–7.] The Order also identified certain deficiencies in the Complaint that subjected it to summary dismissal and granted Plaintiff 21 days (plus three days for mail time) to file an amended complaint correcting the deficiencies. [*Id.* at 1–5.] The Order warned that Plaintiff's failure to comply with the Order within the time allowed would subject his case to dismissal without further leave to amend. [*Id.* at 5.]

On August 25, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 8.] The Magistrate Judge advised Plaintiff of the

procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 4.] On September 16, 2025, the Clerk docketed objections to the Report from Plaintiff. [Doc. 10.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

In his objections, Plaintiff claims he lacked access to a law library and failed to receive his legal mail on time. [Doc. 10.] The Court construes Plaintiff's objections as a request for an extension of time to bring his case into proper form. Accordingly, the Report of the Magistrate Judge is VACATED, and this matter is recommitted to the Magistrate Judge for further handling.

IT IS SO ORDERED.

                                                       <u>s/ Jacquelyn D. Austin</u>
                                                       United States District Judge

December 8, 2025
Greenville, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.