UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Latroy Brown, | ) | C/A No. 9:25-cv-02687-JDA-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Deloris King, Director Bryan Stirling, Warden Kenneth Sharp, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This a civil action filed by Plaintiff Latroy Brown, a state prisoner proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In a Proper Form and Notice to Amend Order filed June 13, 2025, Plaintiff was instructed to provide certain documents to bring his case into proper form for service. Plaintiff was warned that failure to comply with the Order within the time allowed would subject his case to dismissal without further leave to amend. ECF No. 4 at 5-7. The Order also identified certain deficiencies in the Complaint that subjected it to summary dismissal. Plaintiff was given 21 days (plus three days for mail time) to file an amended complaint correcting the deficiencies. *Id.* at 1-5. *Id.* at 5.

Plaintiff failed to provide the required documents and did not file any amended complaint. In a Report and Recommendation filed August 25, 2025, the undersigned recommended that this action be dismissed without prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 8. On September 16, 2025, Plaintiff filed objections to the Report and Recommendation, asserting he lacked access to a law library and failed to receive his legal mail on time. ECF No. 10. The District Judge construed the objections as a request for an extension of

time to bring his case into proper form, vacated the Report and Recommendation, and recommitted the matter to the undersigned. ECF No. 11. A copy of the District Judge's Order was sent to Plaintiff. ECF No. 12.

In a second Proper Form and Notice to Amend Order entered December 10, 2025, Plaintiff was instructed to bring his case into proper form and to file any amended complaint within 21 days (plus three days mailing time). ECF No. 14 at 1, 5-7. The time for Plaintiff to bring his case into proper form has passed, Plaintiff has failed to bring his case into proper form, and he has not filed any amended complaint.

## I.     BACKGROUND

Plaintiff is an inmate at the Turbeville Correctional Institution (TCI) of the South Carolina Department of Corrections (SCDC). He brings claims under the 42 U.S.C. § 1983 (§ 1983) for alleged violations of his Eighth Amendment rights. ECF No. 1 at 4. Defendants are Captain Deloris King (King), former SCDC Director Bryan Stirling (Stirling), and TCI Warden Kenney Sharp (Sharp).

Plaintiff alleges claims about incidents that allegedly occurred at TCI in January 2025. He submitted a certificate of achievement indicating he completed 20 hours of training on November 15, 2024, to become certified as a Volunteer Support Caregiver within the SCDC. ECF No. 1-1 at 12. At some time thereafter (it is unclear what date) until January 22, 2025, Plaintiff volunteered as a caregiver in the hospice unit of TCI. *See id.* at 9.

In his Complaint, Plaintiff asserts claims about the SCDC medical workers (or lack thereof) in the hospice unit. He alleges he worked twelve-to-thirteen-hour shifts and was performing tasks he believed the SCDC employees should have been doing. After working his shift on January 22, 2025, a hospice nurse supposedly asked Plaintiff to come back to help the night shift with showers

2

for inmates. Plaintiff allegedly asked the nurse to instead have the night shift hospice worker help in the morning with showers, told her it was not a good day for a shower for the patients (because it snowed and because of patient health issues), and said "the people at Turbeville don't have time for nothing but their work and going home on time period." He claims the nurse did not like his report and said they were "going to get someone they could depend on." Plaintiff returned to his dorm. ECF No. 1-1 at 1-6.

Two days later, Captain Lori McFadden allegedly was sent to shake Plaintiff down and charge him with refusing to work. Plaintiff claims that McFadden and five officers violated SCDC policy because they "bomb rushed" his cell and put him in handcuffs. Plaintiff contends that SCDC policy requires the officer to 'hit the door" and to call an inmate "to the flap to cuff up for a shake down [and] then open the door[.]." ECF No. 1-1 at 7, 9-10. He requests $300,000 for "pain and suffering." ECF No. 1 at 6.

SCDC records indicate that on January 28, 2025, Plaintiff was convicted of a disciplinary charge of use or possession of narcotics, marijuana, an unauthorized drug, or an inhalant. He lost 18 days good-time credits, 90 days of canteen privileges, 360 days of television privileges, and 90 days of visitation privileges. On June 27, 2025, Plaintiff was convicted of another disciplinary charge of use or possession of narcotics, marijuana, an unauthorized drug, or an inhalant. He lost 18 days good-time credits, 120 days of canteen privileges, and 120 days of visitation privileges. The records do not indicate any disciplinary action for failure to work.[1] See SCDC Incarcerated

---

[1] Plaintiff submitted a copy of an incident report, written by Lt. Lakishia Howe (Howe), as to an incident that occurred on March 4, 2025. Howe wrote that Plaintiff and the other inmates were told to report to their door for lock down and were informed they would be secured by 4 pm. Lt. Howe wrote that at 4:15, Plaintiff and the other offenders were still in the shower or out at the microwave. Defendant King's name is written as the Major/Responsible Authority, and the action taken was "Administrative Resolution." The box on the form to "Refer for Disciplinary Hearing" was not checked. ECF No. 1-1 at 8. Additionally, there is no indication in the SCDC records of any

3

Inmate Search, http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Latroy Brown"] (last visited Jan. 15, 2026).[2]

## II.    STANDARD OF REVIEW

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

---

disciplinary action related to incident on March 4, 2025. It is unclear why Plaintiff submitted this incident report, as it does not appear to relate to the alleged incidents.

[2]This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

### III.    DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.    Failure to State a Claim

Although Plaintiff lists the names of Defendants King, Stirling, and Sharp in the caption of his Complaint, his pleadings fail to provide any specific facts to support a claim that these Defendants violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

Additionally, to the extent Plaintiff may be attempting to bring claims against Defendants based on a theory of supervisory liability, such claims are subject to summary dismissal. To state a § 1983 claim for supervisory liability, a plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that [his or her] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Here, Plaintiff has not alleged any facts to establish supervisory liability as to any of the named Defendants.

B.     Plaintiff Cannot Assert Claims on Behalf of Other Inmates

Many of Plaintiff's claims appear to be about the treatment (or lack of treatment) of inmates in hospice care by SCDC medical employees. Any such claims should be summarily dismissed because Plaintiff, who has not asserted that he is an attorney, may not allege claims on behalf of other inmates. *See Laird v. Tatum*, 408 U.S. 1 (1972); *see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"); c*f. Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a pro se prisoner cannot be an advocate for others in a class action).

C.     Cruel and Unusual Punishment Claims

Plaintiff alleges that his Eighth Amendment rights were violated because he was subjected to cruel and unusual punishment. However, it is unclear what "cruel and unusual punishment" he was supposedly subjected to by the named Defendants.

To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d

6

1375, 1379 (4th Cir.1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). A plaintiff asserting unconstitutional conditions of confinement must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. *See Strickler*, 989 F.2d at 1380–81. Here, Plaintiff has not alleged any serious deprivation of any of his basic human needs and has not alleged any facts to indicate that any deliberate indifference by the named Defendants. He also has not alleged any facts to indicate that he suffered a serious or significant physical or mental injury as a result of any challenged condition.

D.     Job Claims

To the extent Plaintiff is attempting to allege a claim as to his job or volunteer position as a hospice worker being taken away, he does not allege a cognizable claim. An inmate has no constitutional right to participate in prison programs, so his ineligibility for a prison work program is not a deprivation of constitutional magnitude. *See Hewitt v. Helms*, 459 U.S. 460 (1983); *Altizer v. Paderick*, 569 F.2d 812 (4th Cir.), *cert. denied*, 435 U.S. 1009 (1978) (custody classifications and work assignments are generally within the discretion of the prison administrator); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) ("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); *Cunningham v. Drew*, No. 9:12-cv-2596-RMG, 2013 WL 6834599, at *1 (D.S.C. Dec. 23, 2013) ("prison inmates have no federally protected right or interest in any job while incarcerated"), *aff'd*, 570 F. App'x 323 (4th Cir. 2014); *Patel v. Moron*, 897 F. Supp. 2d 389, 400 (E.D.N.C. 2012) (there is no constitutional right to a prison job and the "deprivation of a prison job states no independent constitutional claim."); *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D. Va. 1997) (prisoner did not have a protected interest in continued employment because lack of

employment was clearly within the range of confinement which could be expected by most inmates).

E.  Violations of SCDC Rules and Policies

Plaintiff appears to allege that SCDC employees did not follow SCDC policies or rules as to what tasks he was to be assigned in his role as a hospice worker or volunteer. He also appears to allege that unnamed SCDC correctional officers violated SCDC rules or policies when they searched his cell in January 2025. However, allegations that officers failed to follow SCDC policies or rules are not actionable in a § 1983 action as a violation of SCDC policies and/or procedures does not constitute a violation of Plaintiff's constitutional rights. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992); *cf. Johnson v. S.C. Dep't of Corrs.*, No. 06B2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) (A plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation.) (citing *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

F.  Failure to Bring Case into Proper Form

As noted above, Plaintiff has also failed to bring this case into proper form. In the Court's Proper Form Orders dated June 13 and December 10, 2025, Plaintiff was given the opportunity to bring his case into proper form by paying the filing fee or submitting a completed and signed application to Proceed Without Prepayment of Fees and Affidavit (Form AO-240), submitting a completed summons form listing each of the named Defendants, and submitting a completed and signed Form USM-285 for each named Defendant. Plaintiff was warned that failure to provide the

8

necessary information within the timetable set forth in the Order would subject the case to dismissal. *See* ECF Nos. 4 at 5-6; 14 at 6-7.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide the required items to bring his case into proper form or respond to the Second Proper Form Order in any way. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV.    RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[3] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

*/s/ Molly H. Cherry*
Molly H. Cherry
United States Magistrate Judge

January 20, 2026
Charleston, South Carolina

---

[3] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).